UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
on behalf of and for the use of
HAYES EXCAVATING,

    Plaintiff,

v.     Case No. 05-72980

ST. PAUL FIRE & MARINE     HONORABLE AVERN COHN
INSURANCE COMPANY,

    Defendant.

_____/

**MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6).**

**I. Introduction**

This is a breach of contract case arising under the Miller Act, 40 U.S.C. § 3131 et seq.  The Miller Act governs construction bonds involving contracts with the federal government.  Plaintiff Hayes Excavating Incorporated (Hayes) is a construction contractor that hauls and disposes of contaminated dirt from construction sites, among other things.  Defendant St. Paul Fire and Marine Insurance Company (St. Paul) provides federal contractors with construction bonds.

Before the Court is Defendant's Motion to Dismiss.  For the reasons that follow, the motion is GRANTED.

## II. Background[1]

On or about November 30, 1998, Skyline Development & Construction Company (Skyline) contracted with the United States Government. Under the contract Skyline acted as the general contractor for a project at the Selfridge Air National Guard Base in Harrison Township, Michigan (Selfridge Project). Under the Miller Act Skyline was required to procure a Payment and Performance Bond in favor of the United States. St. Paul provided the bond in 1998.

On or about April 9, 1999, Skyline contracted with Hayes to be a subcontractor on the Selfridge Project. Under the contract, Hayes was responsible for removing and disposing of Class II waste material from the project premises. Hayes performed under this contract until on or about mid-November, 1999.

A disputes arose between Skyline and Hayes during execution of the contract. Unable to resolve the dispute, Hayes sued Skyline and St. Paul in Macomb County Circuit Court on June 16, 2000. The suit against St. Paul alleged co-extensive surety liability. The Macomb County Circuit Court granted summary disposition in favor of St. Paul on February 28, 2001. In the Circuit Court's opinion granting St. Paul summary disposition the court noted that it was unclear whether the project was pursuant to a federal or state contract. The Circuit Court conducted a bench trial on Skyline's liability. On February 19, 2003, the Circuit Court entered a judgment in favor of Hayes in the amount of $35,248.87 plus mediation sanctions.

Skyline and Hayes both appealed the Circuit Court's ruling. Hayes' appeal

---

[1] The background is gleaned from the parties' papers.

included the decision dismissing St. Paul. Skyline dissolved sometime during the intervening months. The Michigan Court of Appeals affirmed the judgment against Skyline and reversed the grant of summary disposition for St. Paul on January 4, 2005, in an unpublished opinion. In its decision, the Court of Appeals raised the issue of whether the trial court had jurisdiction over Hayes' claim against St. Paul. This issue was raised in the Skyline/St. Paul brief in the Court of Appeals. The Court of Appeals noted that since the project concerned work performed for the federal government, the Miller Act would apply thus placing exclusive jurisdiction over the dispute in federal court. The Court of Appeals directed the trial court to consider, on remand, whether the Miller Act controlled.

On remand, St. Paul filed a motion for summary disposition asserting that the Circuit Court lacked jurisdiction pursuant to 40 U.S.C. §3133(b)(3)(B), which placed exclusive jurisdiction and venue in federal court. The parties stipulated to an Order of Dismissal Without Prejudice to allow Hayes to file suit in federal court. On August 1, 2005, Hayes filed a Miller Act claim against the payment bond provided by St. Paul.

### III. Discussion

### A. Legal Standard

A Fed. R. Civ. P. 12(b)(6) motion seeks dismissal for a plaintiff's failure to state a claim upon which relief can be granted. "The court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 360 (6th

Cir. 2001).  "To survive a motion to dismiss under Rule 12(b)(6), a 'complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'"  <u>Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n.</u>, 176 F.3d 315, 319 (6th Cir. 1999) (quoting <u>Scheid v. Fanny Farmer Candy Shops, Inc.</u>, 859 F.2d 434, 436 (6th Cir. 1988)).

### B. Analysis

#### 1.  Introduction.

St. Paul's motion to dismiss argues the statute of limitations for a claim filed under the Miller Act.  "An action brought under this subsection must be brought no later than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action."  40 U.S.C. § 3133(b)(4).

#### 2.  St. Paul's Argument.

St. Paul says it is not in dispute that Hayes performed the work that forms the basis for its claim in 1999.  Hayes filed its complaint in federal court in August 1, 2005.  Thus, St. Paul argues that Hayes' claim is barred by the one year statute of limitations.  St. Paul argues that, in asserting a Miller Act claim, the filing of suit in a non-federal court which lacks jurisdiction does not toll the running of the limitations period.  <u>U.S. v. Maryland Casualty Co.</u>, 573 F.2d 245 (5th Cir. 1978).  St. Paul says that the one year statute of limitations applies in federal court regardless of the filing of any state court claim within the limitations period.  <u>Id.</u>  St. Paul also argues that courts strictly adhere to the limitations period set forth in the Miller Act.  <u>U.S. v. M.J. Kelley Corp.</u>, 995 F.2d 656 (6th Cir. 1993).

### 3. Hayes' Argument.

Hayes argues that the statute of limitations has not expired and asks that the Court apply equitable estoppel or equitable tolling. Hayes says either equitable remedy is permitted where the claimant has actively pursued its judicial remedy by filing a defective pleading during the statutory period, or where the claimant has been induced or tricked by its adversary's misconduct into allowing the filing deadline to pass. Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 96 (1991). Hayes also argues that federal courts have the power to toll the statute of limitation under circumstances not inconsistent with the legislative purpose. Amer. Pipe & Construction Co. v. State of Utah, 414 U.S. 538, 558 (1974). Hayes argues that when a party reasonably relies on an opponent's representations that were not true in taking a case through to appeal, and the reliance was to its detriment, the opponent should be estopped from claiming the benefit of the statute of limitations. Michigan Express, Inc. v. U.S.A., 374 F.3d 424, 427 (6th Cir. 2004).

In asserting that St. Paul should be estopped from claiming the benefit of the one year statute of limitations under the Miller Act, Hayes says that St. Paul made repeated representations that the Miller Act was not applicable. Hayes says that at no time prior to the Michigan Court of Appeals remand did St. Paul claim that the bond, a copy of which was not provided until 2005,[2] was a Miller Act bond. St. Paul did not mention the Miller Act in its answer to the plaintiffs complaint or its affirmative defenses. In its interrogatories, Hayes asked St. Paul for information related to the factual basis for its

---

[2] It is unclear whether a copy of the bond was previously specifically requested by Hayes, or is assumed to have been requested as part of its general interrogatories.

affirmative defense that Hayes had failed to state a claim upon which relief can be granted. St. Paul response to the interrogatories never mentioned the Miller Act.

Hayes says that it is entitled to rely on St. Paul's representations in its pleadings, which were served within the one year statute of limitations, and presume that St. Paul's responses were in good faith. Had St. Paul raised the Miller Act in its answer, affirmative defenses, or interrogatories, Hayes would have had time to comply with the statute of limitations. Hayes adds that whether the state court had jurisdiction, or whether the Miller Act applied, was confusing to all parties, as the Selfridge Air National Guard Base is home to the Michigan Air National Guard, a state entity.

### 4. St. Paul's Response.

In its brief and its reply,[3] St. Paul argues against equitable tolling and equitable estoppel. St. Paul says that, as a surety and not the principal, it was not previously obligated to affirmatively raise the statute of limitation defense. U.S. v. Frankini Construction Co., 139 F. Supp. 153 (1956). St. Paul also argues that satisfaction of the statute of limitations is a condition precedent to the maintenance of a suit and must be pled and proved by the plaintiff, not by the defendant. U.S. v. Gregor J. Schaefer Sons, Inc., 272 F. Supp. 962 (1967).

St. Paul also disputes that it actively hid the fact that the Miller Act governed the case, or that it actively induced Hayes to refrain from bringing suit in federal court until the applicable limitations period had passed. St. Paul argues that equitable estoppel would arise if it had somehow lulled Hayes into a false security, such as when a party,

---

[3] St. Paul's reply brief is styled a "supplemental brief."

by its words, acts and conduct, leads the other to believe a dispute will be settled, but then breaks off negotiations, denies liability, and refuses to pay after the time for suit has passed.  U.S. v. Reliance Ins. Co., 436 F.2d 1366, 1370 (10th Cir. 1971).  St. Paul notes that equitable estoppel might apply if a party misrepresents the length of the statute of limitations, or someone makes the party believe that filing suit is unnecessary.  Dillman v. Combustion Engineering, Inc., 784 F.2d 57, 61 (2nd Cir. 1986).

St. Paul asserts that the negligence and carelessness of Hayes' counsel, not any actions or inactions by St. Paul, caused Hayes' failure to comply with the statute of limitations.  St. Paul says that it is not responsible for assisting Hayes' counsel to formulate its legal strategy and prosecute its claim, and the Michigan Rules of Professional Conduct prohibit such assistance.  St. Paul says there is no evidence that Hayes would have filed a lawsuit against St. Paul in federal court if it had not been for St. Paul's allegedly misleading answers to interrogatories.  Furthermore, St. Paul says that exceptional circumstances, arising through no fault of Hayes, do not exist in this case.

### 5.  Resolution.

While possibly ambiguous, determining whether state or federal law applied to this case was the responsibility of Hayes.  Clearly St. Paul was not completely forthcoming in its responses to Hayes' interrogatories.  However, on February 28, 2001, the Macomb County Circuit Court suggested that federal law may apply, and there is no evidence that Hayes investigated this possibility.  The Macomb Count Circuit Court Judge wrote on pages seven and eight of its February 28, 2001, order:

>Finally, defendants argue plaintiff's claim on bond is without merit and should be dismissed. There has been no articulation by either party whether this public project was pursuant to a state or federal contract. Since the project occurred on a federal air base, the Court infers this public project was subject to a federal contract. Accordingly, pursuant to the Miller Act, a federal contract for the "construction, alteration, repair of any public building or public work" in excess of $25,000 must be bonded. 42 U.S.C. §270a(a)[now 40 U.S.C. § 3131].
>
>Here, plaintiff simply alleges in its complaint that it is a claimant under a bond held by St. Paul, and that it is entitled to payment from St. Paul. See plaintiff's complaint. Plaintiff has not provided the Court with a copy of the bond it purportedly relies upon in its claim against St. Paul. Plaintiff has not provided the Court with citations of statute it supposedly relies upon for its claim of bond allegations. Plaintiff has failed to submit any evidence as to whether it is a proper claimant under the payment bond and whether it has complied with the requirements of the bond or applicable statutes. In fact, plaintiff's response brief does not contain one argument opposing or rebutting defendants' argument that plaintiff's claim on bond should be dismissed.

Hayes did not acquire a copy of the bond until 2005. Given that Hayes was suing Skyline, and including St. Paul as a surety, the nature of the bond must have been important to its case. Hayes permitted almost four years to pass from the time the Macomb County Circuit Court entered summary judgment for St. Paul until the time it saw the bond and discovered what law applied to its case against St. Paul.

A copy of the bond was not the only possible sources of determining whether federal law applied.[4] The fact that the Selfridge Base houses the Michigan Air National Guard does not preclude the possibility that federal law applied to the case. Presuming that state law governed was Hayes' oversight. While St. Paul did not reveal what law applied, Hayes shares substantial blame for failing to uncover the fact that the Miller Act

---

[4] At oral argument, St. Paul's counsel said that the contract and bond underlying this case were at all times available by making a Freedom of Information Act request at the Selfridge Base.

8

governed.

The circumstances here do not justify an equitable remedy excusing Hayes from the statute of limitations.  Had Hayes filed suit in federal court in the wake of the Macomb County Circuit Court's Dismissal Order in 2001, the statute of limitations would have passed, but Hayes would have had a better case for an equitable exception to the statute of limitations.  Instead, Hayes waited four years.  Hayes also waited about eight months following the Court of Appeals decision.  Because Hayes is in part at fault for not discovering that the Miller Act governed the bond issued by St. Paul, the case must be dismissed for failure to comply with the statute of limitations.

SO ORDERED.

     s/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

Dated:  November 21, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 21, 2005, by electronic and/or ordinary mail.

     s/Julie Owens  
Case Manager  
(313) 234-5160